# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROBERT McPHERSON, CDCR #AR-9781,<br><br>                                     Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON, Secretary of CDCR, MARCUS POLLARD, Warden, DOES 1 to 100,<br><br>                                     Defendants. | Case No.:  21-CV-1830 JLS (WVG)<br><br>**ORDER: (1) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); (2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS, MOTION TO ALLOW FILING OF COMPLAINT, MOTION TO APPOINT COUNSEL, MOTION FOR RELEASE AND MOTION FOR RELIEF AS MOOT**<br><br>(ECF Nos. 2, 3, 4, 5, 6) |

Barry Robert McPherson ("Plaintiff" or "McPherson"), currently incarcerated at R.J. Donovan State Prison, located in San Diego, California ("RJD"), and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  ECF No. 2.

**I.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

*A.    Standard of Review*

Because McPherson is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b).  Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

///

### B.     42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citation omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C.     Plaintiff's Factual Allegations

In count one, McPherson claims his due process rights have been violated because he was convicted of a crime he did not commit. Compl., ECF No. 1 at 3. He contends that "[t]he elements of the crime [of which he was convicted] were established in 2006 but the Judicial Coun[cil] lowered the burden of the prosecutor to prove all the elements." *Id.* He also challenges the constitutionality of California Penal Code § 288.7(b). *Id.*

In count two, McPherson argues his Eighth Amendment rights have been violated. *Id.* at 4. He claims he is innocent of the crimes for which he was convicted, "was convicted under false claims and denied the opportunity to present my claims before a court of law." *Id.* He also claims he has often been locked in his cell for 23 hours a day, has been "subjected to unsanitary conditions, denied medical treatment, sexually groped by a guard, threatened if I spoke about it, [and] smashed in the electronic doors to the cell while exiting and entering the cell," and has "suffered a heart attack due to the stress." *Id.* In addition, he states he has suffered various financial and personal losses as a result of being incarcerated for a crime which he claims he did not commit, and that was infected with Covid-19 but denied medical care. *Id.* He alleges he should have been released from custody in 2017. *Id.*

///

In count three, McPherson claims he has been denied access to courts. *Id.* at 5. He alleges he has been denied sufficient access to the law library, copy machines, and copies of grievances. *Id.* He further claims that the California courts' denial of his habeas corpus petitions is improper and violates his federal constitutional rights. *Id.*

### D.  Discussion

McPherson's claims are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) because they are duplicative of those he raised previously in another civil action he filed in this Court. *See McPherson v. Allison, et al.*, S.D. Cal. Civil Case No. 3:21cv01818-BTM-DEB ("*McPherson I*"). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Having now reviewed both pleadings, the Court finds both the Defendants and factual allegations in McPherson's current Complaint are identical, and thus duplicative of those he previously raised in *McPherson I*. A prisoner's claims are considered frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) if they "merely repeat[] pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)). Because Plaintiff has already brought the same claims presented in this action against the same defendants in *McPherson I*, the Court must dismiss this case without leave to amend as frivolous. *See Cato*, 70 F.3d at 1105 n.2; *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000); *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

///

## II. Conclusion and Order

1) The Court **DISMISSES** the Complaint without leave to amend as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and 28 U.S.C. § 1915A(b)(1).  The Court finds granting leave to amend would be futile.  *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

2) The Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2), Motion To Allow Filing of Complaint (ECF No. 3), Motion to Appoint Counsel (ECF No. 4), Motion For Release (ECF No. 5), and Motion For Relief (ECF No. 6) as moot.

The Clerk of the Court shall close the case and enter judgment accordingly.

**IT IS SO ORDERED**.

Dated:  November 16, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge